In re Vernon Dean LIND, dba
Self-Employed Drywaller and
Gloria Jean Lind, Debtors.

Bankruptcy No. 480–00314.

United States Bankruptcy Court,
D. South Dakota.

April 9, 1981.

James A. Craig, Dorothy, Craig, Palmer & Harris, Sioux Falls, S. D., for debtors.

Rick A. Yarnall, Dana, Golden, Moore & Rasmussen, Sioux Falls, S. D., for trustee.

## MEMORANDUM DECISION

PEDER K. ECKER, Bankruptcy Judge.

Vernon Dean Lind and Gloria Jean Lind, hereinafter Debtors, filed a joint petition for an order for relief in a business Chapter 13 bankruptcy. A hearing was commenced on confirmation of the proposed Chapter 13 Plan. Rick A. Yarnall, hereinafter Trustee, objected to confirmation of the Plan pursuant to 11 U.S.C. § 1325(a)(4). 11 U.S.C. § 1325(a)(4) provides:

> "(a) The court shall confirm a plan if—
> (4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of cash allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date."

Debtors' Chapter 13 Plan provides no dividend to unsecured creditors. The Trustee contends that a liquidation of Debtors' assets would provide a dividend to unsecured creditors in a Chapter 7 bankruptcy. In response, James A. Craig, hereinafter Debtors' Attorney, claimed that creditors would not receive a dividend in a Chapter 7 liquidation because the majority of Debtors' assets are exempt under South Dakota exemption statutes. At this time the confirmation hearing was continued to enable Debtors' Attorney to file with this Bankruptcy Court a Modified Chapter 13 Plan and Chapter 7 Schedules B–2 and B–4.

Schedule B–2 is a list of what Debtors' personal property would be in a Chapter 7 bankruptcy. Schedule B–4 is a list of property claimed as exempt in a Chapter 7 bankruptcy.

The Trustee filed an "Objection to Claimed Exempt Property". Debtors' Attorney scheduled a hearing with this Bankruptcy Court to resolve the Trustee's objections to claimed exempt property. This Bankruptcy Court held a hearing on the Trustee's objections to Debtors' claimed exempt property. At the hearing this Bankruptcy Court heard oral arguments and received evidence from Counsel. At the conclusion of the hearing, this Bankruptcy Court took the matter under advisement.

## FINDINGS OF FACT

Debtors are husband and wife and have filed their Chapter 13 petitions jointly. Mr. Lind is a self-employed drywaller. Mrs. Lind operates a foster care home for elderly women. Testimony suggested that four elderly ladies are dependent upon Mrs. Lind for their care. The dispute between the parties concerns Debtors'-personal property used at the foster care home. Debtors' Schedule B–4 lists household furnishings and a 1973 Chevy van as being used in the services at the foster care home. The household furniture consists of the usual furnishings for a living room, three bedrooms, dining room, kitchen and a basement laundry.

The appraised fair market value of the personal property used in the foster care home is unsettled. Debtors' Exhibit # 1 is an appraisal by Terry Wingler of Wingler's Auctioneering Co. This appraisal concludes that the fair market value of the household furnishings is $3,314.50. Mr. Wingler's appraisal does not include the 1973 Chevy van.

In Debtors' Schedule B–4 they list the value of the claimed exempt household furnishings to be $2,172.50. The value of the 1973 Chevy van is scheduled by Debtors at $800.00.

11 U.S.C. § 522(b) provides that a debtor may exempt from property of the estate

property that is specified under 11 U.S.C. § 522(d) unless the state law of the debtor's domicile provides otherwise. As of July 1, 1980, South Dakota residents are not entitled to the federal exemptions provided in 11 U.S.C. § 522(d) pursuant to S.D.C.L. 43–45–13. This statute provides:

"In accordance with the provisions of § 522(b) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(b)), residents of this state are not entitled to the federal exemptions provided in § 522(d) of the Bankruptcy Code of 1978 (11 U.S.C. § 522(d)), exemptions which this state specifically does not authorize. Nothing herein affects the exemptions given to residents of this state by the state Constitution and the South Dakota statutes."

Debtors are claiming the household furnishings of the foster care home as exempt pursuant to S.D.C.L. 43–45–5(4).

S.D.C.L. 43–45–5 is an alternative property exemption statute. S.D.C.L. 43–45–5 provides in part, as is pertinent to this case, that:

"Instead of the exemptions of personal property granted in § 43–45–4, the debtor, if the head of a family, may select and choose the following property, which shall then be exempt, namely: ... (4) The tools and implements of any mechanic, whether a minor or of age, used and kept for the purpose of carrying on his trade or business, and in addition thereto, stock in trade not exceeding two hundred dollars in value;".

## DEBTORS' ARGUMENTS

The crux of the Debtors' argument is that this Bankruptcy Court take a liberal construction of South Dakota's alternative exemption statute. Debtors assert that S.D.C.L. 2–14–6 and 2–14–12 are authority for a liberal construction. S.D.C.L. 2–14–6 provides:

"Words used in the singular number include the plural, and the plural, the singular except where a contrary intention plainly appears."

S.D.C.L. 2–14–12 provides:

"The rule of the common law that statutes in derogation thereof are to be

strictly construed has no application to the code of laws enacted by S.D.C.L. 2–16–13. Such code establishes the law of this state respecting the subjects to which it relates and its provisions and all proceedings under it are to be liberally construed with a view to effect its objects and to promote justice."

As further authority, Debtors claim that South Dakota's Supreme Court has applied this liberal rule of construction to the Homestead Act in the case of *Kingman v. O'Callaghan* (1894) 4 S.D. 628, 57 N.W. 912.

Debtors' request for a liberal construction of S.D.C.L. 43–45–5 is three-fold. The first request of this Bankruptcy Court is that it construe the word "mechanic" in the plural so as to give effect to the word "any" immediately preceding the word. This interpretation would allow the head of a family to decide whether a family will claim the additional property exemptions provided by S.D.C.L. 43–45–4 or the alternative property exemptions provided by S.D.C.L. 43–45–5. Once that decision has been made, each "mechanic" in the family would be entitled to claim their tools as exempt.

The second request of Debtors is that this Bankruptcy Court construe the word "mechanic" to include Mrs. Lind's occupation, elderly care services. Debtors refer this Bankruptcy Court to Webster's New World Dictionary, Second College Edition, for a definition of "mechanic". Webster's defines "mechanic" as "2. A manual laborer." Debtors maintain that many in today's "women's movement" would assert that the tasks of clothing, feeding and caring for four elderly ladies involved every bit as much "manual labor" as is involved in any other "mechanic's" duties.

Debtors' third request is that this Bankruptcy Court liberally construe S.D.C.L. 43–45–5 as it deals with the word "dollars". Debtors urge this Bankruptcy Court to take judicial notice that S.D.C.L. 43–45–5 was enacted by our legislature in 1939, some 41 years ago. Debtors maintain that the 1939 alternative property exemptions as provid-

ed by statute have deteriorated due to inflation and poor economic conditions. Debtors contend their Exhibit # 3, an October, 1980, Consumer Price Index, illustrates the value of the dollar has declined at a steady rate. Debtors claim it can be concluded from the 1980 Consumer Price Index that the $200.00 total exemption should now be valued at $1,050.00.

In summary, Debtors argue that the effect of inflation on our exemption statutes inhibits the purpose of bankruptcy, which is to give a debtor a "fresh start" and a new economic life.

## TRUSTEE'S ARGUMENTS

The Trustee objects to Debtors' claimed exempt property for the following reasons:

1.) Because S.D.C.L. 43–45–5 provides: "the debtor, if the head of a family," may choose the alternative property exemptions. The Trustee contends that Mrs. Lind chose the alternative property exemptions for her business and Mr. Lind for his.

2.) Because the value of the claimed exempt property exceeds the $200.00 limitation of S.D.C.L. 43–45–5(4).

3.) Because S.D.C.L. 43–45–5(4) provides only one mechanic may claim the alternative property exemption.

4.) Because caring for elderly women in a foster care home does not fit the definition of "mechanic".

5.) Because household furnishings in a foster care home does not fit the definition of "The tools and implements of any mechanic."

## ISSUES

1.) Whether a debtor who is the head of a household may choose alternative property exemptions pursuant to S.D.C.L. 43–45–5(4) for the spouse's business when both debtors are self-employed and have jointly filed for relief in a business Chapter 13 bankruptcy.

2.) Whether the $200.00 limitation in S.D.C.L. 43–45–5(4) pertains to the clause "stock in trade not exceeding two hundred dollars in value" or "The tools and implements of any mechanic."

3.) Whether the clause "any mechanic" in S.D.C.L. 43–45–5(4) pertains to "one mechanic" or "more than one mechanic".

4.) Whether caring for elderly women in a foster care home fits the definition of "mechanic" as the word is used in S.D.C.L. 43–45–5(4).

5.) Whether household furnishings in a foster care home fits the definition of "The tools and implements of any mechanic" as the clause is used in S.D.C.L. 43–45–5(4).

## ISSUE—1

The Trustee contends that S.D.C.L. 43–45–5(4) provides that only a debtor who is the head of a household may claim the tools of a trade of a mechanic. The Trustee maintains that Mrs. Lind is claiming tools of her trade and Mr. Lind for his. This Bankruptcy Court finds that when both debtors are self-employed and have jointly filed for relief in a business Chapter 13 bankruptcy, a debtor who is the head of the household may choose alternative property exemptions for both spouses' businesses. This finding furthers the purpose of the South Dakota exemption statutes, which is to protect a debtor and his family by providing a debtor with enough property for rehabilitation. This Court's finding advances the philosophy behind bankruptcy, which is to give a debtor a "fresh start" and a new economic life. In today's economy, many families need two incomes to support themselves. This Bankruptcy Court finds inequitable, sexually biased and discriminatory any interpretation of S.D.C.L. 43–45–5(4) that would strip away a spouse's tools of a trade needed to support a family. For the above mentioned reasons, this Bankruptcy Court overrules the Trustee's first objection.

## ISSUE—2

Debtors contend this Bankruptcy Court should apply a liberal construction to the $200.00 limitation in S.D.C.L. 43–45–5(4) that would take into account an inflation factor. This Bankruptcy Court finds that

such a liberal construction would involve the invasion of a legislative function and therefore dismisses Debtors' third contention.

This Bankruptcy Court agrees with Debtors' Attorney that South Dakota's exemption statutes need updating. This Bankruptcy Court has studied South Dakota's exemption statutes, and it is the Court's conclusion that they are: archaic, sexist, violate equal protection, and discriminate against single people. Even though Debtors' arguments have merit, this Bankruptcy Court will not violate the separation of powers provided by our Constitution and invade a legislative prerogative.

The Trustee's objection as it pertains to the $200.00 limitation in S.D.C.L. 43–45–5(4) is that the $200.00 limitation applies both to the tools of a mechanic and his stock in trade. Therefore, the Trustee maintains Debtors can only claim $200.00 worth of personal property in their businesses. This Bankruptcy Court finds the Trustee has incorrectly interpreted S.D.C.L. 43–45–5(4) and dismisses the Trustee's objection.

■ Since the parties to the case have not argued an acceptable interpretation of S.D.C.L. 43–45–5(4), this Bankruptcy Court will adopt its own interpretation in order to resolve the dispute between the parties. This Bankruptcy Court finds that the language of S.D.C.L. 43–45–5(4) does not provide a dollar limitation on the "tools and implements of any mechanic, whether a minor or of age, used and kept for the purpose of carrying on his trade or business." Furthermore, this Bankruptcy Court finds the $200.00 limitation applies only to a debtor's stock in trade, as being intended by the legislature to be separated by the comma in the statute from "tools and implements".

This Court's interpretation advances the philosophy behind the South Dakota and all exemption statutes. Exemption statutes are enacted to protect a family from becoming destitute. By allowing debtors the tools of their trade, they still have a way of providing for their families and the means for working their way out of an economic crisis which necessitated the claim of exemptions from creditor process, be it bankruptcy proceedings or other.

## ISSUE—3

■ Debtors argue that this Bankruptcy Court should adopt a liberal construction of S.D.C.L. 43–45–5(4). In particular, Debtors' Attorney requests this Bankruptcy Court to construe the word "mechanic" in the plural so as to give effect to the word "any" immediately preceding the word "mechanic" in S.D.C.L. 43–45–5(4). The Trustee objects to Debtors' interpretation and maintains that mechanic should be interpreted in the singular.

This Bankruptcy Court finds that the clause "any mechanic" refers to more than one mechanic. This interpretation follows S.D.C.L. 2–14–6 which provides:

"Words used in the singular number include the plural, and the plural, the singular except where a contrary intention plainly appears."

This Bankruptcy Court cannot find any hint of a contrary intention provided in S.D.C.L. 43–45–5(4). The Trustee's objection is overruled.

## ISSUE—4

Debtors request this Bankruptcy Court construe the word "mechanic" to include a person who cares for elderly women in a foster care home. The Trustee maintains that "mechanic", as the term is used in S.D.C.L. 43–45–5(4), does not fit Mrs. Lind's occupation.

■ This Bankruptcy Court finds that the obvious legislative intent regarding the term "mechanic" includes anyone who provides a service to others. In light of this Bankruptcy Court's definition of mechanic, this Bankruptcy Court finds that the word "mechanic" includes a person who cares for elderly women in a foster care home because it involves providing a service to others.

### ISSUE—5

Debtors request this Bankruptcy Court find that "household furnishings" in a foster care home are "The tools and implements of any mechanic" as the clause is used in S.D.C.L. 43–45–5(4).

■ This Bankruptcy Court has already decided that Mrs. Lind is a mechanic when she is involved in operating a foster care service to the elderly. Therefore, this Bankruptcy Court finds that it logically follows that the household furnishings of a foster care service could be her tools of the trade upon an adequate showing by Debtor that all household furnishings are being used in the Debtor's business.

Because there has not been evidence presented that a 1973 Chevy van is necessary for caring for elderly women in a foster care home, this Bankruptcy Court finds this motor vehicle is not a tool of the trade of Mrs. Lind.

### CONCLUSION

First, this Bankruptcy Court holds that S.D.C.L. 43–45–5(4) is interpreted to provide that when both debtors are self-employed and have jointly filed for relief in a business Chapter 13 bankruptcy, a debtor who is the head of the household may choose alternative property exemptions for both spouses' businesses under South Dakota exemption statutes.

Second, this Bankruptcy Court holds that S.D.C.L. 43–45–5(4) does not provide a dollar limitation on the "tools and implements of any mechanic, whether a minor or of age, used and kept for the purpose of carrying on his trade or business." Furthermore, this Bankruptcy Court holds the $200.00 limitation applies only to a debtor's stock in trade.

Third, this Bankruptcy Court holds that the clause "any mechanic" in S.D.C.L. 43–45–5(4) refers to more than one mechanic.

Fourth, this Bankruptcy Court holds that the term "mechanic" includes anyone who provides a service to others.

Fifth, this Bankruptcy Court holds that household furnishings in a foster care home are "The tools and implements of any mechanic."

This Decision does not decide whether specific items of claimed exempt property fall within the allowable exemptions as decided herein.

This Decision shall constitute Findings of Fact and Conclusions of Law with Debtors' Attorney directed to supply an Order consistent herewith.